UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
DEC 3 0 2009
CLERK

| | | |
|---|---|---|
| JOSEPH PAUL YOUNG, | ) | CIV. 09-4180-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SOUTH DAKOTA DEPARTMENT | ) | ORDER |
| OF CORRECTIONS, ASSISTANT | ) | |
| WARDEN TROY PONTO, and | ) | |
| MAJOR TOMAS LINNEWEBBER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 alleging defendants violated his constitutional rights and seeks an award of damages. After reviewing the complaint, the Court finds that plaintiff fails to state a claim upon which relief may be granted and orders the dismissal of the complaint without prejudice.

**A.   Screening**

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen each case prior to service. Under these statutes, a case may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted or

seeks monetary relief against a defendant who is immune from such relief. A case may be dismissed for failure to state a claim "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations . . . .'" Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)). When reviewing a complaint for such an inadequacy, the Court must assume that "the factual allegations in the complaint are true[.]" Neitzke, 490 U.S. at 326, 109 S. Ct. at 1832. Accordingly, the Court examines plaintiff's complaint to determine the presence of legitimate claims.

Plaintiff alleges that his constitutional rights were violated by defendants when they failed to warn of a wet floor which resulted in plaintiff falling and injuring himself. First, the Court notes that plaintiff has sued the South Dakota Department of Corrections, an agency of the state of South Dakota. Additionally, plaintiff has named Assistant Warden Troy Ponto (Ponto) and Major Tomas Linnewebber (Linnewebber) as defendants in this matter. The Eighth Circuit has held that "absent a clear statement that officials are being sued in their personal capacities, 'we interpret the complaint as including only official-capacity claims.'" Murphy v. State of Ark, 127 F.3d 750, 754 (8th Cir. 1997) (quoting Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 619 (8th Cir. 1995)). Plaintiff has not explicitly

stated that he wishes to sue Ponto and Linnewebber in their individual capacities, therefore, defendants are only being sued in their official capacities.

"[T]he Eleventh Amendment bars suit against the state or state officials acting in their official capacity." Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 743(8th Cir. 1998) (citing Kentucky v. Graham, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)). Immunity under the Eleventh Amendment also extends to a state's agencies. See Puerto Rico Aqueduct and Sewer Authority v. Metcalf, 506 U.S. 139, 144, 113 S. Ct. 684, 687-88, 121 L. Ed. 2d 605 (1993). Only the waiver of immunity will allow a suit to proceed. See Morstad, 147 F.3d at 744. South Dakota has not waived its immunity to suit under the Eleventh Amendment. Accordingly, plaintiff may not maintain this action against the South Dakota Department of Corrections or Ponto and Linnewebber under the Eleventh Amendment. As a result, the Court finds that plaintiff's claim is barred.

Furthermore, the Court also notes that plaintiff has only alleged a claim of negligence. The Eighth Circuit has held that "simple negligence [does not] amount to a violation of the Eighth Amendment prohibition against cruel and unusual punishment for inhumane conditions of confinement." Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997) (citations omitted). As a result, the Court concludes that plaintiff has failed to state a claim upon which relief may be granted.

B.  *In Forma Pauperis* **Status**

Plaintiff also moves this Court to allow him to proceed *in forma pauperis*. The prisoner trust account report shows that plaintiff's average monthly deposits equal $16.67. His average monthly balance is $1.79. Under the Prison Litigation Reform Act, plaintiff must pay 20 percent of the greater of the average monthly deposits to his prisoner account or the average monthly balance of the account. See 28 U.S.C. § 1915(b)(1). Plaintiff, therefore, must pay an initial partial filing fee of $3.33 (20 percent of $16.67). Accordingly, it is hereby

ORDERED that plaintiff's motion to proceed *in forma pauperis* (Docket #2) is granted.

IT IS FURTHER ORDERED that plaintiff shall make an initial partial fee payment for docketing and filing fees in the amount of $3.33 to the Clerk of this Court on or before January 25, 2010.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee ($350) is paid in full.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket #1) is dismissed

for failure to state a claim upon which relief may be granted.

Dated this **30th** day of December, 2009.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE